## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS**,

    Plaintiff,

v.                                              **CIVIL NO. 09-703 DJS/RHS**

**BURGER KING, LLANO STREET,
SANTA FE**,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is a *pro se* action alleging that Plaintiff's rights under the Americans with Disabilities Act have been violated. Plaintiff has sought *in forma pauperis* status and the Court hereby conducts a *sua sponte* review of the complaint pursuant to 28 U.S.C. §1915(e)(2). Plaintiff has consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment.

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* Plaintiff's complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel, but is at the same time mindful that the plaintiff's complaint must be liberally construed.  Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff asserts that Defendant has violated her rights under the Americans with Disabilities Act of 1990 by refusing to permit her to dine indoors at its restaurant with her service dog. Plaintiff asserts that she was asked to leave the Burger King restaurant located on Llano Street in Santa Fe, New Mexico, on January 15, 2009. She further asserts that she was asked to leave the restaurant again in early February of that year. Plaintiff alleges that she suffers from chronic sciatica which makes walking difficult. She attaches a letter from the "Espanola Advanced Center for Healing" which states she suffers from chronic sciatica, diabetes, hypertension, and hyperlipidemia and is often unsteady on her feet. That letter requests the reader help Plaintiff with having her dog become an official companion dog. Plaintiff also attaches a letter to her complaint from the City of Santa Fe approving her dog as a service dog entitled to ride city transportation. Further, Plaintiff alleges that her dog aids her in walking and protects her from assault.  Plaintiff seeks monetary damages and an injunction against restaurant which would permit her to be accompanied by her dog.

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Tennessee v. Lane, 541 U.S. 509, 516-17 (2004). To state a claim under Title III of the ADA a plaintiff must establish she is a "qualified individual with a disability." Lanman v. Johnson County, Kan., 393 F.3d 1151, 1156 ( 10th Cir. 2004) (quoting 42 U.S.C. §12112(a)). "A disability within the meaning of the ADA is, *inter alia*, 'a physical or mental impairment that substantially limits one or more of the major life activities' of an individual." Robertson v. Las Animas County

Sheriff's Dep't., 500 F.3d 1185, 1193-94 (10th Cir. 2007) (quoting 42 U.S.C. §12102(2)(A)). Walking and standing are major life activities. 42 U.S.C. § 12102(A); 29 C.F.R. § 1630(I); Penny v. United Parcel Service, 128 F.3d 408, 414 (6th Cir.1997). However, "[m]oderate difficulty or pain experience while walking does not rise to the level of a disability." Penny, 128 F.3d at 415. Further, with regard to service animals, ADA regulations state: "Generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. §36.302(c)(1).

Plaintiff's claims for money damages must be dismissed. The only remedy available to a private litigant under Title III of the ADA is injunctive relief and attorney's fees and costs. 42 U.S.C. § 12188(a)(1); Davis v. Flexman, 109 F.Supp.2d 776, 783 (S.D.Ohio 1999). Monetary damages cannot be recovered. 42 U.S.C. § 12188(a)(1); Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir.2007). Her claim for injunctive relief is not subject to dismissal under 28 U.S.C. §1915(e)(2)(B), as the Court cannot say that she might not prevail on the basis of the facts alleged. However, the Court notes that a franchisor with limited control over a franchisee's store does not "operate a place of public accommodation" within the meaning of the ADA. Neff v. American Dairy Queen Corp., 58 F.3d 1063, 1069 (5th Cir. 1995). Although Plaintiff's claims are not subject to dismissal at this juncture for failure to state a claim, they must be dismissed on the basis of the doctrine of *res judicata*.

In Lewis, *et al.* v. Burger King, 09-Cv-305 JH/RLP, also filed in the United States District Court for the District of New Mexico, Plaintiff brought another claim against Burger King based upon being asked to leave one of its restuarants on January 15, 2009, although not the specific restaurant identified in the instant complaint. Magistrate Judge Puglisi entered Proposed Findings and a Recommended Disposition in that case, which were adopted by the District Judge after a *de*

*novo* review and consideration of Plaintiffs' objections. That case was dismissed with prejudice and is currently on appeal.

This case advances essentially the same claims, and is therefore subject to *sua sponte* dismissal as being barred under the doctrine of *res judicata*. See Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir.1997) (explaining that *res judicata* applies when: (1) the prior action has been finally adjudicated on the merits; (2) the parties are identical or in privity; (3) the suit is based on the same cause of action; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior action).[1]

The recommendation in 09-Cv-305 was that the case be dismissed without prejudice, noting that Plaintiff sought to bring the action on behalf of her dog, did not establish that she is a qualified individual with a disability, and did not provide allegations showing that her dog is distinguishable from an ordinary pet. Lewis, *et al.* v. Burger King, 09-Cv-305 JH/RLP, Report and Recommendations filed May 8, 2009 (Docket No. 5). Nonetheless, the District Judge dismissed the action with prejudice. Lewis, *et al.* v. Burger King, 09-Cv-305 JH/RLP, Order filed May 29, 2009 (Docket No. 8). In this action, Plaintiff alleges that she suffers from chronic sciatica which makes walking difficult and attaches a letter to her complaint from the City of Santa Fe approving her dog as a service dog entitled to ride city transportation. She also alleges that her dog aids her in walking and protects her from assault. In addition, instead of seeking only monetary damages, Plaintiff also seeks injunctive relief. However, this suit is based upon the same incident or one identical and very close in time to the incident providing the basis for the previous suit. The previous action was

---

[1] Plaintiff is warned that filing multiple actions or pleading involving the same or similar allegations which have been dismissed can lead to restrictions on his ability to file federal lawsuits. See Andrew v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007) (describing filing restrictions and noting Federal courts' inherent power to impose such restrictions).

adjudicated on the merits and Plaintiff is still litigating the case, as reflected by her appeal to the 10th Circuit Court of Appeals. Under the circumstances, the instant cause of action is subject to dismissal under the doctrine of *res judicata*.

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed *in forma pauperis* is hereby granted, Plaintiff's claims for monetary damages are dismissed and the remainder of the complaint is hereby dismissed pursuant to the doctrine of *res judicata*..

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**