## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS**,

    Plaintiff,

v.                                                        **CIVIL NO. 09-703 DJS/RHS**

**BURGER KING, Llano Street,**
**Santa Fe**,

    Defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** is before the Court on remand from the Tenth Circuit Court of Appeals. *See* Doc. 8 at 4 (affirming the dismissal with prejudice of pro se Plaintiff Nancy Lewis's claim for monetary damages brought under Title III of the Americans with Disabilities Act but reversing the dismissal of her claim for injunctive relief because *res judicata* did not bar that claim, and remanding for further proceedings). Lewis has sought *in forma pauperis* status, thus the Court again conducts a *sua sponte* review of the Complaint pursuant to 28 U.S.C. §1915(e)(2). *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Lewis has consented, pursuant to 28 U.S.C. §636(c) and FED. R. CIV. P. 73 to the undersigned conducting any and all proceedings in this case, including the entry of a final judgment.

    "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Permission to proceed IFP should be granted only if a plaintiff "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "In

deciding whether to grant IFP status it is appropriate to consider plaintiff's income, the regularity of that income, [her] savings, as well as [her] financial obligations." *Curiale v. Graham*, No. 96-4125, 124 F.3d 216, 1997 WL 527659, *1  (10th Cir. Aug. 27, 1997); *McKnight v. Dinwiddie*, No. 09-5152, 2010 WL 257285, *3 (10th Cir. Jan. 25, 2010) (denying permission to proceed IFP on appeal because plaintiff had more than "$700 in his savings account" and therefore had "the ability to pay the [] filing fee").

Lewis's financial affidavit states that, on July 20, 2009 (the date she filed her Complaint and submitted her application to proceed IFP), she received $1343/month in disability and unemployment income; that she has no dependents; that she owns a car that is paid for; and that she pays $405/month for rent and utilities, $96/month for a medicare premium, and $48/month for car insurance. *See* Doc. 2 at 1-3. She states that she has money in the bank, but she did not disclose the amount. *See id.* at 3. The Court takes judicial notice[1] that Lewis filed three additional cases on July 20, 2009. *See Lewis v. Trujillo*, No. 09cv700 JB/RHS; *Lewis v. Ecco Coffee Shop*, No. 09cv701 JB/RHS; *Lewis v. Joy Junction Homeless Shelter*, 09cv702 JB/RHS. Although permission to proceed IFP was initially granted in these three cases, the Honorable Martha Vázquez consolidated them with the case over which she was presiding, *see Lewis v. Center Market*, No. 09cv306 JB/RHS, and noted that it appeared that Lewis's income and expenses

> leave her sufficient discretionary funds that her "allegation of poverty

---

[1] The Court may properly take judicial notice of its decisions and records in other cases involving the same parties. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it").

> is untrue" and she should no longer be considered as indigent. *See* No. 09cv702, Doc. 2; No. 09cv701, Doc. 2; 09cv700, Doc. 2.  The Court takes judicial notice that, in another of Lewis's sworn complaints against other defendants filed June 29, 2009, she states that "Social Security paid me back monies, illegally withheld over the past two years." 09cv635 WJ/RHS Doc. 4 at 9.  With this influx of cash, Lewis apparently should not have filed motions to proceed IFP.  And the Court apparently inadvertently and improperly granted her IFP motions.
>
> Order To Show Cause at 2, filed October 5, 2009 (Doc. 8).  Chief Judge Vazquez ordered Lewis to "show good cause in writing why the Court should not vacate the three Orders granting her leave to proceed IFP in case numbers 09cv700, 09cv701, and 09cv702 and why she should not be required to submit the full amount of the filing fees in each of her pending cases, including 09cv306, as is required by all non-indigent plaintiffs, or have her cases dismissed." Id. at 3.  The cases were reassigned to Judge James O. Browning on October 20, 2009. See Minute Order, filed October 20, 2009 (Doc. 10).

*Lewis v. Center Market*, No. 09cv306 JB/RHS Doc. 18 at 3 (D.N.M. Oct. 29, 2009).  Lewis's response to the Order to show cause demonstrated that Lewis had "received over $15,000.00 from Social Security in back payments in 2009, of which she has about $3,500.00 left in the bank" in October 2009. *Id.* at 4.  Based on this information, the Court held that "the record establishes that Lewis has sufficient funds to pay both for the necessities of life and for those lawsuits that she deems important, and that her allegation of poverty does not accurately characterize her situation;" denied her motion to proceed IFP in No. 09cv306; vacated "the prior orders granting IFP in case numbers 09cv700, 09cv701, and 09cv702;" and dismissed all four cases under § 1915(e)(2)(A). *Id.* at 6.

The Court similarly concludes that, based on Lewis's admissions, Lewis had more than $3500 in savings in July 2009 when she filed this Complaint and has significantly more monthly income than monthly expenses, and that she has the ability to pay both for the necessities of life and for filing fees.  The case must be dismissed under § 1915(e)(2)(A). *See Trujillo v. Williams*, 465

F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory); *Lemons v. K.C. Mo. Police*, 158 Fed. Appx. 159, 160 (10th Cir. Dec. 13, 2005) (stating that, if the plaintiff fails to sufficiently demonstrate an inability to pay filing fees, the Court should dismiss the complaint without prejudice, after which the plaintiff "may initiate a new action by 1) refiling his complaint and 2) paying the [] filing fee required under 28 U.S.C. § 1914 . . . ."). The Court also takes judicial notice that, when Lewis has been offered an opportunity to pay filing fees so that her case may proceed instead of being dismissed, she has refused and appealed from the order denying IFP and dismissing the case. *See, e.g.*, *Lewis v. Burger King*, No. 09cv0962 LH/RHS Doc. 3 at 3 (D.N.M. Oct. 26, 2009) (giving Lewis an opportunity to pay filing fees); *id.* Doc. 6 (Lewis's notice of appeal filed thereafter).

     The Court nevertheless concludes that dismissal with prejudice is appropriate here because leave to amend would be futile. The Court takes judicial notice that, in her October 2009 response to the Order to show cause, Lewis states that the dog that is the subject of this suit, "Lady Brown Dog the Enforcer," Complaint at 1, has died. *See* No. 09cv306 JB/RHS Doc. 9 at 2 n.1 ("From beyond the grave, Brown Dog speaks through the Plaintiff and says she will return soul enfleshed in Japan in about nine weeks . . . ."). Lewis's requests for injunctive relief in this and other cases, asking that the Court force Burger King and other restaurants and grocery stores to allow Lady Brown Dog to enter and remain in those establishments while Lewis eats, rests, or shops for groceries is therefore moot and she no longer has standing to bring her claim. *See Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004) (noting that "[s]tanding is an essential part of Article III's case-or-controversy requirement; that "redressability" is an element of standing; and that "[r]edressability requires the plaintiff to show that it is likely that a favorable court decision will redress the injury to the plaintiff") (internal quotation marks omitted);

*Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) ("Under Article III of the United States Constitution, federal courts may adjudicate only 'cases or controversies.' As a result, we must decline to exercise jurisdiction where the award of any requested relief would be moot – *i.e.* where the controversy is no longer live and ongoing. The touchstone of the mootness inquiry is whether the controversy continues to touch the legal relations of parties having adverse legal interests in the outcome of the case, and this legal interest must be more than simply the satisfaction of a declaration that a person was wronged.") (citations and internal quotation marks omitted). The Court therefore concludes that Lewis's Complaint should be dismissed with prejudice because Lewis can no longer state a claim for injunctive or declaratory relief on which relief may be granted and it would be futile to allow her an opportunity to amend her Complaint.

**IT IS ORDERED** that Lewis's motion to proceed IFP (Doc. 2) is DENIED and the case is DISMISSED with prejudice under § 1915(e)(2)(A) and (B).

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent