## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS**,

      Plaintiff,

v.                                                                    **CIVIL NO. 09-703 DJS/RHS**

**BURGER KING, Llano Street,**
**Santa Fe**,

      Defendant.

### MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION OR AMENDMENT AND DENYING PERMISSION TO PROCEED IFP ON APPEAL

**THIS MATTER** is before the Court on:  Plaintiff Nancy Lewis's *Proposed Amended Motion to Proceed In Forma Pauperis With Financial Affidavit*, filed March 2, 2010 (Doc. 12); on her *Motions for Reconsideration and Amendment*, filed March 2, 2010 (Doc. 13); and on her *Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees*, filed March 29, 2010 (Doc. 16).

The Court entered a final judgment dismissing Lewis's Complaint without prejudice on February 25, 2010.  *See* Doc. 10.  Lewis filed her *Motion for Reconsideration* five days later, but she  filed a notice of appeal on March 29, 2010, before the Court ruled on her *Motion for Reconsideration*.  *See* Doc. 15.  The Court construes Lewis's *Motion for Reconsideration* as a motion to alter or amend the judgment brought under FED. R. CIV. P. 59(e) because it was filed within ten days of the final judgment in this case.  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); FED. R. CIV. P. 6(a).  Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides that, "if a party files a notice of appeal after the court . . . enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A)– the notice becomes effective to appeal . . . when the order disposing of the last such remaining motion is entered." A motion brought under Rule 59

is listed in FED. R. APP. P. 4(a)(4)(A)(iv) as one that tolls the time for filing an appeal, thus Lewis's notice of appeal is not effective and the Court still has jurisdiction to rule on the Rule 59 motion. *See Hopkins v. I.R.S.*, No. 08-2127, 318 Fed. Appx. 703, 705 (10th Cir. Apr. 1, 2009) (noting, in case where the plaintiffs filed a different type of motion that also tolls the time to file an appeal under FED. R. APP. P. 4(a)(4)(A), that the "plaintiffs' notice of appeal was premature, for they filed it while their Rule 52(b) motion was still pending before the district court. . . . [T]he premature notice of appeal ripened once the district court ruled on the Rule 52(b) motion."); *Breeden v. ABF Freight Sys., Inc.*, 115 F.3d 749, 752 (10th Cir. 1997) (holding, in case where appellant "filed his notice of appeal while his Rule 59(e) motion to amend the judgment to include interest was still pending" that the "premature notice of appeal ripened into an effective notice of appeal once the district court ruled on the pending motion"); *Hatfield v. Bd. of County Com'rs for Converse County*, 52 F.3d 858, 861 n.2 (10th Cir. 1995) ("a notice of appeal filed while a Rule 59(e) motion is still pending ripens into an effective notice of appeal once the district court has ruled on the pending motion")

## I.     LEWIS'S MOTION FOR RECONSIDERATION SHALL BE DENIED AND HER PROPOSED AMENDED MOTION TO PROCEED IFP SHALL BE STRICKEN.

A Rule 59(e) motion may be granted if there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice," as "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); FED. R. CIV. P. 59(e). Reconsideration is not "appropriate to revisit issues already addressed" just because a party disagrees with the court's legal conclusions. *Servants of the Paraclete*, 204 F.3d at 1012.

The Court dismissed Lewis's case under 28 U.S.C. § 1915(e)(2)(A) after finding that Lewis's

"allegation of poverty [was] untrue."  Lewis "had more than $3500 in savings in July 2009 when she filed this Complaint and has significantly more monthly income than monthly expenses, and [] she has the ability to pay both for the necessities of life and for filing fees."  February 25, 2010 Memorandum Opinion and Order at 3 (Doc. 10).   Lewis first contends in her motion for reconsideration that it is "unfair," in her opinion, to require her to pay filing fees, but she does not address the Court's findings regarding the amount of money she had in savings in July or the Court's conclusion that she had sufficient income to pay both for the necessities of life and for filing fees. In fact, Lewis states in her motion for reconsideration that she still has "roughly $1200 in the bank," and that she receives $16,116/year in disability and unemployment compensation and lives for "free in a building on property that her son caretakes."  Doc. 13 at 4, 11-12.

Lewis's *Proposed Amended Motion for Leave to Proceed In Forma Pauperis* shall be stricken because her Complaint has been dismissed and because it contains obvious indications of fraud.   For example, Lewis claims in the Affidavit that she pays $305/month for rent and $100/month for utilities, Doc. 12 at 3, but as mentioned above,  in her motion for reconsideration, she states that she lives for free where her son is a caretaker.  The Court also notes that in a financial affidavit filed in January of this year, Lewis swore that she was living rent-free with her son at that time.  *See Lewis v. Capitol One*, No. 09cv1062 KBM/LAM Doc. 10 at 3.  In her *Proposed Amended Motion* in this case, Lewis alleges that she spends $400/month for food, see Doc. 12 at 3, but in her *Motion to Proceed Without Prepayment of Costs on Appeal*, she states that she spends $200/month for food, which is a more likely figure for one person with no dependents, see Doc. 16 at 6.  The Court will strike Lewis's *Proposed Amended Motion*.

In regard to the Court's dismissal on the basis that her claims for injunctive relief are moot now that the dog she wanted to take into the Burger King with her has died, Lewis contends that she

has now adopted another abused dog that is "barely out of puppyhood," and that she is training the

dog to "help" her to walk as a "service dog."  Doc. 13 at 2.  She expresses concern, however, that

the new dog is requiring "much more training" and "is very sensitive to insults" because of its prior

severe abuse.  *Id.* at 2 n.2. It is therefore entirely speculative whether this dog ever will be able to

be a certified "service dog" as defined by the ADA.  There is also a serious question whether Lewis

is disabled as defined by the ADA in a manner that would require a service dog, as opposed to a

"companion" animal, which is how Lewis's doctor described Lewis's former dog.  *See* Complaint,

Att. 1 at 1 (letter from Lewis's doctor stating that Lewis has "chronic sciatica" and that she believes

that Lewis's former dog "makes an excellent companion dog").  The Court advises Lewis to seek

competent legal advice before continuing her quest to force restaurants and grocery stores to allow

her pets to accompany her to eat and shop.  Because Lewis has failed to show a valid basis for

reconsideration of the Court's February 25, 2010 Order, her motion will be denied.  *See Servants*

*of the Paraclete*, 204 F.3d at 1012.

Lewis refuses to pay the filing fee but may be seeking to amend her Complaint to add new

facts regarding events that may never come to pass.  Without payment of the fee, the Court will not

consider amendment.  Further, Lewis failed to attach a proposed amended complaint to her motion

as required by the rules.  *See* D.N.M. LR-Civ. 15.1.  The Court will deny the motion to amend.

## II.  LEWIS'S MOTION TO PROCEED IFP ON APPEAL WILL BE DENIED.

The Court concludes that Lewis's appeal is not taken in good faith and that her motion to

proceed IFP on appeal should be denied.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken

in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); FED. R. APP.

P. 24(a)(1) (requiring appellant who desires to appeal IFP to file motion in the district court).

To proceed IFP, a litigant must show that she "cannot because of [her] poverty pay or give

security for the costs . . . and still be able to provide [her]self . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Lewis has no dependents. She states in her financial affidavit accompanying her motion to proceed IFP on appeal that she has been receiving $1386/month in social security, unemployment, and food stamps, and that she receives $192 in Medicare. Although her motion for reconsideration states that she has $1200 in the bank, she states in the affidavit that she has $625. *See* Doc. 16 at 4. In addition, she receives money on a $44,000 judgment owed to her, and two individuals owe her $1003. *See id.* at 5. She falsely states that she pays $305/month for rent.

Based on her income, savings, and reasonable expenses for necessities, the Court concludes that Lewis has not established that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self . . . with the necessities of life." *Adkins*, 335 U.S. at 339. Lewis's allegation of poverty is untrue and she should not be allowed to proceed IFP on appeal.

Further, even if she had established indigency, Lewis has failed to include in her motion to proceed IFP on appeal a sufficient showing of an "entitlement to redress," or of "the issues that the party intends to present on appeal," as required by FED. R. APP. P. 24(a)(1)(B), (C). Her motion states only "IFP Denial and Mootness" in the section where she is to discuss her "issues for appeal." Doc. 16 at 2. Nor does she state in her notice of appeal itself the issues she wishes to present. *See* Doc. 15. To proceed IFP on appeal, the plaintiff "must show a financial inability to pay the required fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (italics added). A "nonfrivolous argument" is a "rational argument on the law or facts in support of the issues raised on appeal." *Id.*; *see* 28 U.S.C. § 1915(e)(2) (requiring dismissal of cases if the court

determines "that the allegation of poverty is untrue" or if "the action or appeal . . . is frivolous or malicious"); *Scott v. Milyard*, No. 09-1276, 2009 WL 3353093, *2 (10th Cir. Oct. 20, 2009) (noting that, even though the plaintiff had been allowed to proceed IFP in district court, "the district court found that 'the appeal is not taken in good faith because [the plaintiff/appellant] has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal;'" agreeing that "the arguments are not well reasoned and fail to demonstrate an absence of frivolity;" and denying a renewed motion to proceed IFP on appeal).

Because Lewis has failed to show that she is unable, because of her poverty, to pay filing fees and has also failed to demonstrate the existence of a reasoned, nonfrivolous argument on appeal, her appeal is not taken in good faith, and the Court will deny her motion to proceed IFP on appeal.

**IT IS ORDERED** that Lewis's *Proposed Amended Motion to Proceed In Forma Pauperis* (Doc. 12) is STRICKEN; that her *Motions for Reconsideration and Amendment* (Doc. 13) is DENIED; and that her *Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees* (Doc. 16) is DENIED.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

6